# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| OPHRYS, LLC, a Washington limited liability company,<br><br>       Plaintiff,<br><br> v.<br><br>ONEMAIN FINANCIAL, INC., a Delaware corporation; ONEMAIN FINANCIAL, INC., a West Virginia corporation; ONEMAIN FINANCIAL, INC., a Minnesota corporation; ONEMAIN FINANCIAL, INC., a Hawaii corporation; and CF NETWORK ISSUANCE TRUST 2010-1, a Delaware corporation,<br><br>       Defendants. | Civil Action No.<br><br>**COMPLAINT** |

Plaintiff, Ophrys, LLC, alleges:

## PARTIES

1. Plaintiff, Ophrys, LLC ("Ophrys"), is a limited liability company organized under the laws of Washington State.

2. Defendants OneMain Financial, Inc. are four corporations having the same name but formed under the laws of different states: Delaware, West Virginia, Minnesota and Hawaii. The four defendants named OneMain Financial, Inc. are believed to be controlled by the same person or entity.

3. Defendant CF Network Issuance Trust 2010-1 ("CF Network") is or was at the times relevant to this lawsuit a Delaware corporation. CF Network is

believed to be controlled by the same person or entity as the four defendants named OneMain Financial, Inc.

## JURISDICTION

4. The amount in controversy in this action exceeds $75,000.

5. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1).

## VENUE

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because at least one of the Defendants resides in this district and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTUAL ALLEGATIONS

7. As of April 12, 2013, Ophrys and Defendants entered into an agreement titled "Ophrys, LLC BK Forward Flow Purchase and Sale Agreement" (the "Agreement"). The Agreement was signed on behalf of Defendants by Michael Taulbee, as Senior Vice President of Citibank, N.A. A true and correct copy of the Agreement is attached as Exhibit A.

8. The purpose of the Agreement was for Defendants to sell and Ophrys to buy defaulted consumer loans with respect to which the obligors had filed petitions for relief under Chapter 134 of the Bankruptcy Code so that Ophrys or its assignees could file and recover on proofs of claim relating to the defaulted consumer loans in the obligors' bankruptcy cases .

2

9. Under the terms of the Agreement, Defendants made certain representations and warranties regarding the accounts sold to Ophrys including, without limitation, the following:

(a) Defendants represented and warranted that the information provided by Defendants on the due diligence file was substantially similar to the final electronic file provided to Buyer in connection with the closing and was materially true and correct.  Article 3.3.2.

(b) Defendants represented that "each Account has been originated, maintained and serviced in compliance with applicable state and federal laws including where applicable, without limitation, the Truth in Lending Act, the Equal Credit Opportunity Act, the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, and the Fair Credit Billing Act . . . ." Article 3.3.2.

10. The conditions precedent to the consummation of the Agreement included the requirement that consummation by the parties of the transactions "will not violate any order of any court or governmental body having competent jurisdiction or any law or regulation that applies to Buyer or the Seller." Article 5.3.

11. During the term of the Agreement, Defendants transferred to Ophrys numerous accounts that failed to meet the requirements of the Agreement.

12. Defendants failed to provide Ophrys with information needed for Ophrys to file proofs of claim on many of the accounts transferred by Defendants.

13. Ophrys provided Defendants with notice of Defendants' failure to comply with the Agreement.

14. Defendants refused to remedy the deficiencies in their performance or to repurchase the affected accounts as required by Article 3.4(a) of the Agreement.

## BREACH OF CONTRACT

15. Ophrys repeats and realleges the allegations of paragraphs 1 through 14 of this Complaint.

16. Ophrys was unable to realize any benefit from the accounts sold by Defendants without adequate or accurate information necessary to file proofs of claim in bankruptcy courts.

17. Defendants are in breach of their contractual obligations under the Agreement to provide Ophrys with adequate information to file proofs of claim in regard to the accounts sold under the Agreement.

18. Defendants are in breach of their contractual obligations under the Agreement to either cure or repurchase the affected accounts.

19. Ophrys has sustained damages in excess of $1.3 million as a result of Defendants' breaches.

20. Defendants are jointly and severally liable for all losses resulting from Defendants' breaches.

## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

21. Ophrys repeats and realleges the allegations of paragraphs 1 through 20 of this Complaint.

22. Ophrys fully performed its obligations under the Agreement.

23. Defendants prevented Ophrys from receiving the benefits to which it was entitled under the Agreement by Defendants' failure to provide information necessary to file proofs of claim on the accounts sold to Ophrys under the Agreement.

24. Defendants' actions breached the covenant of good faith and fair dealing under the Agreement.

25. Ophrys has sustained damages in excess of $1.3 million as a result of Defendants' breaches.

26. Defendants are jointly and severally liable for all losses resulting from Defendants' breaches.

## UNJUST ENRICHMENT

27. Ophrys repeats and realleges the allegations of paragraphs 1 through 26 of this Complaint.

28. Defendants have been unjustly enriched by their failure to perform their obligations under the Agreement while retaining all amounts paid by Ophrys.

29. The amount Defendants should be required to disgorge to Ophrys as a result of their unjust enrichment is in excess of $1.3 million.

30. Ophrys has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Ophrys prays for the following relief against Defendants:

1. Judgment in favor of Ophrys and against Defendants jointly and severally in an amount to be determined; and

2. Such other relief as the Court may deem just and proper.

|  |  |
|---|---|
| OF COUNSEL:<br><br>SPENCER HALL & ASSOCIATES PLLC<br>Spencer Hall, WSB No. 6162<br>Colin M. George, WSB No. 45131<br>1001 Fourth Avenue, Suite 3900<br>Seattle, WA  98154<br>Telephone:  (206) 292-5900<br>Email:  shall@sh-assoc.com<br>Email:  cgeorge@sh-assoc.com | **FOX ROTHSCHILD LLP**<br><br>/s/ E. Chaney Hall<br>Neal J. Levitsky, Esquire  (No. 2092)<br>Seth A. Niederman, Esquire (No. 4588)<br>E. Chaney Hall, Esquire  (No. 5491)<br>919 North Market Street, Suite 300<br>Wilmington, DE 19899-2323<br>Tel: (302) 654-7444<br>Fax: (302) 656-8920<br>nlevitsky@foxrothschild.com<br>sniederman@foxrothschild.com<br>chall@foxrothschild.com<br><br>*Attorneys for Plaintiff Ophrys, LLC* |

Dated:  March 13, 2017

44793278.v3