# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| OPHRYS, LLC, | : | |
| Plaintiff, | : | |
| v. | : | C. A. No. 17-260-RGA-MPT |
| ONEMAIN FINANCIAL, INC., et al., | : | |
| Defendants. | : | |

## Report and Recommendation

## I. INTRODUCTION

On March 3, 2017, Ophrys, LLC ("Ophrys") brought this action against OneMain Financial, Inc., a Delaware Corporation; OneMain Financial, Inc., a West Virginia corporation; OneMain Financial, Inc., a Minnesota corporation; OneMain Financial, Inc., a Hawaii corporation; and CF Network Issuance Trust 2010-1, a Delaware corporation, ("OneMain"), alleging breach of contract, breach of covenant of good faith and fair dealing, and unjust enrichment.[1] Currently before the court is defendants' motion to dismiss plaintiff's second amended complaint pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P.") 12(b)(6) for failure to state a claim upon which relief may be granted.[2] Ophrys's second amended complaint alleges breach of contract.[3] For the forthcoming reasons, the court recommends that OneMain's motion to dismiss be granted.

---

[1] D.I. 1 at 1-2.
[2] D.I. 41.
[3] D.I. 40 at 6.

## II. BACKGROUND

### A. Factual Background

Ophrys is a limited liability company organized under the laws of Washington; the company is a purchaser of distressed receivables.[4] OneMain is four separate corporations that have the same name and are believed to be controlled by Citibank, N.A. ("Citibank")[5], and are organized under the laws of four different states: Delaware, Virginia, Minnesota, and Hawaii.[6] CF Network was a Delaware corporation at the relevant time of the lawsuit believed to be controlled by Citibank.[7]

In April 2013, Ophrys and OneMain entered into an agreement titled "Ophrys, LLC BK Forward Flow Purchase and Sale Agreement" ("Agreement") to facilitate the buying and selling of installment loans.[8] OneMain would sell Ophrys defaulted consumer loans from Citibank borrowers who had petitioned for relief under Chapter 13 of the UNITED STATES BANKRUPTCY CODE 11 U.S.C. § 101.[9] Ophrys would then be able to recover on the proof of the claims.[10] The Agreement states in part:

---

[4] D.I. 41-1 at 1-2.
[5] D.I. 40 at 1-2. Citibank is an unnamed party to the suit. Citibank is the consumer division of CitiGroup, Inc., a company that among other things, provides credit cards to consumers. *Id.*
[6] *Id.*
[7] D.I. 1 at 1. CF Network Issuance Trust 2010-1 ("CF Network") was a named defendant in the first complaint. CF Network was subsequently dissolved. The Managing Beneficiary of the Trust of CF Network was CF Network Receivables Corporation, a Delaware corporation that merged into OneMain Financial Holdings, Inc., a Delaware corporation. OneMain Financial Holdings, Inc. was then restructured into OneMain Financial Holdings LLC, a limited liability company. D.I. 21 at 1 n.1.
[8] D.I. 40 at 3. The Agreement was signed by Michael Taulbee, in his role as Vice President of Citibank, N.A.
[9] *Id.* at 3; D.I. 23 at 2.
[10] *Id.*

> 3.4 Remedies for Breach of Representations Concerning Accounts
>
> (A) Time Period.  [Ophrys]'s sole remedy against [OneMain], other than indemnification per Article 10.2, for a breach of any of the representations listed in Article 3 shall be to notify the [OneMain] of the breach ("Notice of Claim") no later than 180 days from the applicable Closing Date . . .  A Notice of Claim under this Section 3.4 must be delivered by [Ophrys] to [OneMain] in writing or in electronic format and accompanied by the documentation required under Section 3.4(b).  [Ophrys]'s failure to provide a Notice of Claim with respect to any claimed breach of [OneMain] as provided in this Section 3.4 shall terminate and waive any rights [Ophrys] may have to any remedy breach under Article 3 of this Agreement . . . Notwithstanding the foregoing, a claim of a breach of representation under Sections 3.3.2 (a) and (c) shall not be subject to the 180 day limitation.[11]

Ophrys contends that the OneMain provided Ophrys with loan accounts that did not meet the representations and warranties identified in the Agreement.[12]  Specifically, Ophrys alleges that OneMain did not adhere to Section 3.3.1(j) of the Agreement which states:

> 3.3.1 Representations Concerning Accounts.  With respect to each Account, the Seller represents that to the best of its knowledge, as of each applicable Cut-Off Date:  . . .
>
> > (j) information provided by Seller on the due diligence file is substantially similar to the final electronic file provided to the buyer in connection with the closing and specified on Exhibit 1;[13]

Ophrys contends that most of the final electronic sale files for the Chapter 13  Accounts

---

[11] D.I. 40-1, ex. A at 4-6.
[12] D.I. 40-1 at 6.
[13] *Id.* at 6-7; D.I. 40-1, ex. A at 4.

did not contain a substantial amount of the information that was included within the due diligence sample that was provided to Ophrys.[14] The fields of information that were allegedly contained in the due diligence sample included:

> (a) the principal amount owed on the Chapter 13 Accounts;
> (b) an itemized statement of interest, fees, expenses or other charges for each Chapter 13 Account;
> (c) the date of the account holder's last transaction;
> (d) the date of the last payment on the Chapter 13 Account;
> (e) the date on which the Chapter 13 Account was charged to profit and loss.[15]

OneMain contends that Ophrys did not attach appropriate data to the Notice of Claim that was required under Section 3.4 of the Agreement.[16] OneMain maintains that because a Notice of Claim was not received within 180 days of the applicable closing date, Ophrys waived the right to recovery.[17] Ophrys alluded to and provided supposed email correspondence between the parties, but a Notice of Claim was not attached to or included with the second amended complaint.[18]

Ophrys also alleges that OneMain failed to adhere to Section 3.3.2(c) of the Agreement which is an exemption from the Notice of Claim requirement and provides:

> 3.3.2. Additional Representations and Warranties of [OneMain]. [OneMain] represents that to the best of its knowledge as of the applicable Closing Date: . . .
>
> > (c) each Account has been originated, maintained and serviced in compliance with applicable state and federal laws including where applicable, without limitation, the Truth in Lending Act, the Equal Credit

---

[14] D.I. 40-1 at 7.
[15] *Id.*
[16] D.I. 42 at 5.
[17] *Id.*
[18] D.I. 40-1 at 12.

Opportunity Act, the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, and the Fair Credit Billing Act . . . .[19]

Specifically, Ophrys claims that the Chapter 13 Accounts did not comply with Federal Rules of Bankruptcy Procedure ("FED. R. BANKR. P.") 3001 of the as well as standards put forth by the Office of the Comptroller of the Currency ("OCC").[20] FED. R. BANKR. P. 3001 requires a creditor to provide a proof of claim, and states:

> (3) Claim Based on an Open-End or Revolving Consumer Credit Agreement.
>> (A) When a claim is based on an open-end or revolving consumer credit agreement—except one for which a security interest is claimed in the debtor's real property—a statement shall be filed with the proof of claim, including all of the following information that applies to the account:
>>> (I) the name of the entity from whom the creditor purchased the account;
>>> (ii) the name of the entity to whom the debt was owed at the time of an account holder's last transaction on the account;
>>> (iii) the date of an account holder's last transaction;
>>> (iv) the date of the last payment on the account; and
>>> (v) the date on which the account was charged to profit and loss.
>> (B) On written request by a party in interest, the holder of a claim based on an open-end or revolving consumer credit agreement shall, within 30 days after the request is sent, provide the requesting party a copy of the writing specified in paragraph (1) of this subdivision.[21]

---

[19] *Id.*; D.I. 40-1, ex. A at 5.
[20] D.I. 40-1 at 7-9.
[21] FED. R. BANKR. P. 3001; D.I. 40-1 at 7-9.

The OCC advises debtholders that they should provide sellers of debt with:

> (a) a copy of the signed contract or other documents that provide evidence of the relevant consumer's liability for the debt;
>
> (b) copies of all or the last 12, whichever is fewer, account statements;
>
> (c) all account numbers used by the bank and any predecessors to identify the debt;
>
> (d) an itemized account of all amounts claimed to be sold, including loan principal, interest, and all fees; and
>
> (e) the date, source and amount of the debtor's last payment and the dates of default and amount owed.[22]

Ophrys claims that OneMain did not provide the proper information required by FED. R. BANKR. P. 3001 and the OCC including "information about account open dates, last payment dates, charge off dates, last activity date, fees, interest, or other charges."[23] OneMain contends that Ophrys has provided only conclusory statements and has not demonstrated how FED. R. BANKR. P. 3001 and the OCC standard are considered applicable law that OneMain failed to follow.[24]

Ophrys also asserts that its claim of lack of proper of information in the 13 Agreements is very similar to another claim against Citibank where the Consumer Financial Protection Board ("CFPB") found that Citibank violated the Consumer Financial Protection Act.[25] Ophrys alleges that Citibank was subsequently subjected to a Consent Order as a result of this violation.[26] OneMain admits it is subject to a

---

[22] D.I. 40-1 at 7.
[23] *Id.* at 8.
[24] D.I. 42 at 6.
[25] D.I. 40-1 at 8-10.
[26] *Id.*

6

Consent Order from the CFPB, but notes that the Consent Order addressed Citibank's credit card program and included a "stipulation that Citibank neither admitted nor denied any of the findings of fact or conclusions of law."[27] Ophrys also alleges that the account information OneMain provided on the loan closing dates was inaccurate and that OneMain refuses to provide sufficient information to determine the extent of its breach.[28]

### B. Procedural Background

On March 13, 2017, Ophrys filed a complaint against OneMain.[29] OneMain responded by filing a FED. R. CIV. P. 12(b)(6) motion to dismiss for failure to state a claim.[30] On May 12, 2017, Ophrys filed its first amended complaint; OneMain responded by filing another FED. R. CIV. P. 12(b)(6) motion to dismiss for failure to state a claim.[31] On December 4, 2017, the court granted OneMain's motion to dismiss without prejudice.[32] The court reasoned that although Ophrys alleged elements of a breach of contract claim under New York law, it did not allege facts showing compliance with Article 3.4 of the Agreement that requires a Form of Notice and Notice of Claim within 180 days of the closing date of the sale.[33] The court found that unless Ophrys complied with Section 3.4 of the Agreement, or the claim fell under an exception, Ophrys waived its right to any remedy.[34]

---

[27] D.I. 42 at 6 (citing D.I. 23-2 at 2).
[28] *Id.* at 10-11.
[29] D.I. 1.
[30] D.I. 20.
[31] D.I. 23; D.I. 24.
[32] D.I. 39 n.2.
[33] *Id.*
[34] *Id.*

7

On January 16, 2018, Ophrys filed a second amended complaint; OneMain responded by filing its third FED. R. CIV. P. 12(b)(6) motion to dismiss for failure to state a claim.[35] This motion, presently under consideration, contends that Ophrys did not have leave to file the second amended complaint and that Ophrys failed to provide sufficient facts to properly state a claim.[36]

## III. STANDARD OF REVIEW

### A. Leave to Amend a Complaint Dismissed Without Prejudice Based on Fed. R. Civ. P. Rule 12(b)(6)

When an order dismisses a complaint without prejudice, it is not final or appealable unless the plaintiff cannot amend or specifically declares an intention to stand on the complaint.[37] "Without prejudice" means without deprivation of any rights in a manner that does not harm or cancel the legal rights of a party.[38] As such, a plaintiff may amend its complaint in order to correct deficiencies.[39] FED. R. CIV. P. 15(a) establishes that before trial, a party may amend its complaint once as a matter of course.[40] After the first amendment of a complaint, a party may only amend its complaint if the other party consents in writing or with leave of the court.[41]

The United States Supreme Court held that leave should be "freely given" except in limited circumstances, such as undue delay, bad faith, repeated failure to cure

---

[35] D.I. 40; D.I. 41; D.I. 42.
[36] *Id.*
[37] *Borelli v. City of Reading*, 532 F.2d 950, 951 (3d Cir. 1976).
[38] *Without Prejudice*, Black's Law Dictionary (8th ed. 2005).
[39] *Borelli*, 532 F.2d at 951.
[40] FED. R. CIV. P. 15.
[41] *Id.*

8

deficiencies, undue prejudice to the opposing party, or futility of amendment.[42] The Third Circuit found that the phrase "without prejudice" is an implicit invitation for a party to amend a complaint that was previously dismissed.[43] The Seventh Circuit also determined that after a complaint is dismissed under FED. R. CIV. P. 12(b)(6), a plaintiff should be given at least one opportunity to amend before the entire action becomes final and is dismissed.[44]

### B. D. DEL. LR 15.1

Delaware Local Rule ("D. DEL. LR") 15.1 explains the proper form of a motion to amend, as well as, the documentation required in support, including a signed proposed pleading and an attachment that displays the differences between the proposed pleading and the pleading it amends.[45]

### C. Motion to Dismiss

Fed. R. Civ. P. 12(b)(6) governs a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. The purpose of a motion under FED. R. CIV. P. 12(b)(6) is to test the sufficiency of the complaint, not to resolve disputed facts or decide the merits of the case.[46] "The issue is not whether a plaintiff will ultimately

---

[42] *Foman v. Davis*, 371 U.S. 178, 182 (1962).
[43] *Borelli*, 532 F.2d. at 951-52. The court suggested that district judges should expressly specify a time period for when leave to amend is proper. *Id.* at n.1.
[44] *See Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015)
[45] D. DEL. LR 15.1 (2016).
[46] *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).

9

prevail, but whether the claimant is entitled to offer evidence to support the claims."[47] A motion to dismiss may be granted only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff, plaintiff is not entitled to relief."[48] While the court draws all reasonable factual inferences in the light most favorable to a plaintiff, it rejects unsupported allegations, "bald assertions," and "legal conclusions."[49]

To survive a motion to dismiss, a plaintiff's factual allegations must be sufficient to "raise a right to relief above the speculative level . . . ."[50] Plaintiffs are therefore required to provide the grounds of their entitlement to relief beyond mere labels and conclusions.[51] Although heightened fact pleading is not required, "enough facts to state a claim to relief that is plausible on its face" must be alleged.[52] A claim has facial

---

[47] *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotations and citations omitted); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007) ("[W]hen a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder.").

[48] *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (citing *Burlington*, 114 F.3d at 1420).

[49] *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (citations omitted); *see also Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997) (citations omitted) (rejecting unsupported conclusions and unwarranted inferences); *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983) ("It is not . . . proper to assume [plaintiff] can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged.").

[50] *Twombly*, 550 U.S. at 555 (citations omitted); *see also Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

[51] *See Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

[52] *Twombly*, 550 U.S. at 570; *see also Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) ("In its general discussion, the Supreme Court explained that the concept of a showing requires only notice of a claim and its grounds, and

plausibility when a plaintiff pleads factual content sufficient for the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.[53] Once stated adequately, a claim may be supported by showing any set of facts consistent with the allegations in the complaint.[54] Courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint, and matters of public record when reviewing a motion to dismiss.[55]

FED. R. CIV. P. 12(d) addresses the use of materials which are outside the pleadings in motions to dismiss under FED. R. CIV. P. 12(b)(6). When such materials are present, the motion is treated as one for summary judgment. However, certain additional materials may be consider without converting the motion to dismiss into a motion for summary judgment. A court is not limited to the four corners of the complaint and may consider "matters incorporated by reference integral to the claim, items subject to judicial notice, matters of public record, orders [and] items appearing in the record of the case."[56] A plaintiff is entitled to notice and a fair opportunity to respond to any

---

distinguished such a showing from a pleader's bare averment that he wants relief and is entitled to it.") (quoting *Twombly*, 550 U.S. at 555 n.3).
     [53] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).
     [54] *Twombly*, 550 U.S. at 563 (citations omitted).
     [55] See, e.g., *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted).
     [56] *Buck v. Hampton Tp. School Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (citing 5B Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357 (2004)). This would include judicial notice of the public records of a State court action and an appeal therefrom. *See Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999) ("To resolve a 12 (b)(6) motion, a court may properly look at public records, *including judicial proceedings*, in addition to the allegations in the complaint." (emphasis added). Further,"exhibits attached to the complaint whose authenticity is unquestioned" may also be considered. 5B Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (2007).

evidence the court might consider in its review of a motion to dismiss. Where a plaintiff had such notice, however, it is proper for the court to consider that evidence.[57]

IV. Discussion

Before considering OneMain's FED. R. CIV. P. 12(b)(6) motion to dismiss, the court addresses whether leave to file the second amended complaint consistent with FED. R. CIV. P. 15 was required. The court will then address whether Ophrys had leave to file the second amended complaint in adherence to D. DEL. LR 15.1. Finally, the motion to dismiss for failure to state a claim will be decided.

### A. The Second Amended Complaint was Properly Filed under the Applicable Federal Rules of Civil Procedures

When Ophrys filed its first amended complaint on May 12, 2017, it had the right to do so once as a matter of course pursuant to FED. R. CIV. P. 15(a)(1).[58] No written consent from the opposing party or leave of the court was required pursuant to FED. R. CIV. P. 15(a)(2).[59] In this situation, the first motion to dismiss operated as a responsive pleading to the complaint.[60]

Thereafter, the court granted OneMain's motion for failure to state a claim in the

---

[57] *Pension Benefit*, 998 F.2d at 1196-97 ("When a complaint relies on a document, however, the plaintiff obviously is on notice of the contents of the document, and the need for a chance to refute evidence is greatly diminished.") (internal citations omitted).

[58] *See* FED. R. CIV. P. 15(a)(1) and (2); *See also,* D.I. 22, where the parties stipulated that Ophrys could respond to OneMain's initial motion to dismiss on or before May 19, 2017. Ophrys's response was through the filing of the first amended complaint on May 12, 2017. D.I. 23.

[59] *Id.*

[60] *See* FED. R. CIV. P. 8, 12, and 15.

first amended complaint, without prejudice.⁶¹ Following the Third Circuit's rationale in *Borelli v. Reading*, this court's finding of without prejudice operates as an invitation or permission for Ophrys to amend its first amended complaint.⁶² *Borelli* noted to avoid confusion whether leave to amend was granted, the district court should specify a time frame for filing any amended pleading, such as an amended complaint.⁶³ Although a time frame was not provided here, that does not change this court's finding that the grant of OneMain's second motion to dismiss was *without prejudice*, indicating that leave was given to file a second amended complaint.⁶⁴ Even *assuming arguendo*, that OneMain is correct regarding the absence of the leave of court, it has not identified why Ophrys first amended complaint should have been dismissed with prejudice.⁶⁵ Under OneMain's logic, despite the operation of the civil procedure rules noted herein and the court's prior finding of without prejudice, Ophrys should be required to re-file this matter. This court does not agree and OneMain's argument should be denied.

    **B.    The Second Amended Complaint was Properly Filed under D. DEL. LR 15.1**

D. DEL. LR 15.1 enumerates the procedures for a motion for leave.⁶⁶ The rule is not applicable because Ophrys was given leave, at least, implicitly through the court's decision to dismiss without prejudice.⁶⁷ Further, Ophrys submitted a signed proposed

---

⁶¹ D.I. 39.
⁶² 532 F.2d 950, 951 (3rd Cir. 1976).
⁶³ *Id.* at n.1.
⁶⁴ *Id.*
⁶⁵ D.I. 42 at 4.
⁶⁶ *Id.* at 951.
⁶⁷ *Id.*

13

second amended complaint and a completed red-lined form that displays the differences between the second amended complaint and the first amended complaint.[68] Therefore, Ophrys's submission of the second amended complaint was consistent with this court's findings and OneMain's argument should be denied.

### C. Failure to State a Claim

This court previously held that although Ophrys properly stated the elements of a breach of contract claim under New York Law, it failed to demonstrate, through allegations of fact, its compliance with Section 3.4 of the Agreement generally.[69] Compliance with Section 3.4 of the Agreement is necessary to state a claim because Section 3.4 of the Agreement is a waiver providing that Ophrys has 180 days to file a Notice of Claim or all its rights are terminated and waived.[70] The only exception is if the claim is brought under a section of the Agreement that is exempt from the Notice of Claim requirement.[71] The court, in examining the facts in a light most favorable to Ophrys, must reject "unsupported allegations, 'bald assertions', and 'legal conclusions.'"[72] Ophrys does not demonstrate that a Notice of Claim was properly sent

---

[68] D.I. 40-1.
[69] D.I. 39 at n.2.
[70] D.I. 40-1 ex. A at 4-6.
[71] *Id.*
[72] *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (citations omitted); *see also Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997) (citations omitted) (rejecting unsupported conclusions and unwarranted inferences); *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983) ("It is not . . . proper to assume [plaintiff] can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged.").

to OneMain within the 180 days specified in the Agreement.[73] The appropriate documents regarding the invalid loans sent to OneMain purportedly prepared in the proper manner were not attached to any complaint.[74] Ophrys does not allege sufficient facts that OneMain did not comply with the Agreement.[75] Although Ophrys provides more details in the second amended complaint regarding an email supposedly sent on December 12, 2014, it failed to provide the email or any factual basis beyond the first amended complaint.[76]

Similarly, a breach of FED. R. BANKR. P. 3001 or the standards of the OCC cannot be determined based on the information alleged even though those claims would be exempt from the Notice of Claim requirement if found to be binding.[77] Whether a breach occurred cannot be determined because Ophrys has not alleged or identified the information that OneMain was obligated to provide and failed to do so.[78]

## V.    Conclusion

For the foregoing reasons, IT IS RECOMMENDED that OneMain's motion to dismiss for failure to state a claim (D.I. 41) be granted.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), FED. R. CIV. P. 72 (b), and D. DEL. LR 72.1, any objections to this Report and Recommendation shall be filed within fourteen (14) days limited to ten (10) pages after being served with the same. Any

---

[73] D.I. 40-1.
[74] *Id.*
[75] *Id.*
[76] *Id.* at 11.
[77] D.I. 40-1.
[78] *Id.*

response shall be limited to ten (10) pages and filed within fourteen (14) days thereafter.

The parties are directed to the Court's Standing Order in Non-Pro Se Matters for Objections Filed under FED. R. CIV. P. 72 dated October 9, 2013, a copy of which is found on the Court's website (www.ded.uscourts.gov.)

Dated: October 16, 2018        /s/ Mary Pat Thynge
                                         Chief U. S. Magistrate Judge