IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OPHRYS, LLC, | : |
| Plaintiff, | : C. A. No. 17-260-RGA-MPT |
| v. | : |
| ONEMAIN FINANCIAL, INC., et al., | : |
| Defendants. | : |

**ONEMAIN'S OBJECTIONS TO MAGISTRATE'S REPORT
AND RECOMMENDATION (D.I. 50) TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT**

OneMain[1] submits these Objections to the United States Magistrate Judge's Report and Recommendation ("**Report**") dated October 16, 2018 (D.I. 50). In the Report, the Magistrate Judge recommended that OneMain's motion to dismiss the Second Amended Complaint (the "**SAC**") filed by Plaintiff Ophrys, Inc. ("**Plaintiff**" or "**Ophrys**") should be granted. OneMain concurs with virtually all of the Report's findings and also agrees with the Magistrate Judge's recommendation that the SAC should be dismissed.

OneMain, however, objects to the Report to the extent it could be read to provide for a dismissal without prejudice. The SAC should be dismissed with prejudice because Plaintiff has now had multiple opportunities to state a claim against OneMain but has failed to do so each time. Both Judge Sleet and Magistrate Judge Thynge reached the same conclusion as to the first

---

[1] "**OneMain**" refers to the following named defendants: OneMain Financial Group, LLC (successor by merger to OneMain Financial, Inc., a Delaware corporation); OneMain Financial, Inc., a West Virginia corporation; OneMain Financial of Minnesota, Inc. (f/k/a OneMain Financial Services, Inc.), a Minnesota corporation; OneMain Financial (HI), Inc. (misidentified in the caption as OneMain Financial, Inc.), a Hawaii corporation; and CF Network Issuance Trust 2010-1, a Delaware corporation ("**Trust**"). The Trust was previously dissolved. The Managing Beneficiary of the Trust was CF Network Receivables Corporation, a Delaware corporation. CF Network Receivables Corporation merged into OneMain Financial Holdings, Inc., a Delaware corporation, which was restructured into OneMain Financial Holdings, LLC, a Delaware limited liability company. OneMain has maintained throughout this litigation that the Trust should be dismissed as a party because it is dissolved and is therefore a legal nullity.

and second amended complaints. These Judges agreed that Ophrys has been unable to allege facts necessary to establish that Ophrys complied with the mandatory Notice of Claim requirements in the agreement at issue in this litigation.

Plaintiff's inability to adequately plead an underlying condition precedent is particularly noteworthy given that Judge Sleet explicitly identified this deficiency in the First Amended Complaint when granting OneMain's earlier motion to dismiss. Thus, notwithstanding that Plaintiff was provided a roadmap to adequately plead its case if the facts supported such, Plaintiff once again was unable to do so. Indeed, Magistrate Judge Thygne specifically noted this failure and concluded that "Ophrys does not demonstrate that a Notice of Claim was properly sent to OneMain within the 180 days specified in the Agreement." Under these circumstances, and in light of repeated failures to state a claim, this Court should not permit Plaintiff to amend its complaint for a third time because any such amendment would be futile. The Court, therefore, should modify the disposition of the Report to dismiss the SAC with prejudice.

OneMain also objects to a single factual notation in the Report in which the Court stated that OneMain "admits it is subject to a Consent Order" from the Consumer Financial Protection Board ("**CFPB**") directed solely to non-party Citibank, N.A ("**Citibank**"). OneMain objects to that notation because Plaintiff did not allege that OneMain was subject to this Consent Order and OneMain has never admitted that it is subject to such. To the contrary, the record before the Court is undisputed that OneMain is not subject to the Consent Order. While this particular conclusion appears to bear no weight in the Magistrate Judge's legal analysis and overall conclusion, OneMain objects because it is inaccurate and not supported by any facts in the record.

## I. STANDARD OF REVIEW.

While a magistrate judge may make a report and recommendation regarding a case dispositive motion, 28 U.S.C. § 636(b)(1); *Beazer E., Inc. v. Mead Corp.*, 412 F.3d 429, 444 (3d Cir. 2005), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *Zimmer Surgical, Inc. v. Stryker Corp.*, No. CV 16-679-RGA-MPT, 2017 WL 3736750, at *1 (D. Del. 2017). Objections need not be to the entire recommendation but may be lodged to portions thereof. It is well-settled that "[t]he district court is to make a de novo determination of those *portions* of the report or *specified* proposed findings or recommendations to which objection is made." *Goney v. Clark*, 749 F.2d 5, 6 (3d Cir. 1984) (citing 28 U.S.C. § 636(b)(1)) (court's italics). Here, a de novo review of the Report to which the two objections asserted by OneMain reveals that the Report must be modified as requested by OneMain.

## II. RELEVANT FACTUAL BACKGROUND AS SET FORTH IN THE REPORT.

In April 2013, Ophrys and OneMain entered into an agreement titled "Ophrys, LLC BK Forward Flow Purchase and Sale Agreement" ("**Agreement**") to facilitate the buying and selling of installment loans. Report at 2 (citing D.I. 40 at 3) (hereafter, the "citing" signal is omitted).[2] The Agreement was signed by Michael Taulbee, in his role as Vice President of Citibank. *Id.* (D.I. 40-2, Exh. A at 19). Citibank is not a party to this lawsuit, and the Agreement was not signed by any OneMain representative. Thereafter, OneMain sold Ophrys defaulted consumer loans from Citibank's borrowers who had petitioned for relief under Chapter 13 of the United

---

[2] OneMain restates portions of the Report's factual background and retains the Magistrate Judge's citations to the pleadings since this Court must determine de novo any part of the Magistrate Judge's disposition that has been properly objected to.

3

States Bankruptcy Code, 11 U.S.C. § 101. *Id.* (D.I. 40-2 at 3; D.I. 23 at 2). Ophrys claimed that it would be able to recover on the proof of the claims. Report at 2.

Ophrys filed the SAC alleging that OneMain provided Ophrys with loan accounts that did not satisfy the representations and warranties identified in the Agreement under Section 3.3.1(j) as to fields of information that were allegedly contained in a due diligence sample sent by OneMain to Ophrys. *Id.* at 3–4 (D.I. 40-1 at 6–7).

The SAC, however, demonstrated that Ophrys failed, again, to plead facts establishing that Ophrys complied with a Notice of Claim procedure mandated by the Agreement. Specifically, the Agreement required Ophrys to notify OneMain within 180 days of the applicable closing date of any deficiencies with the loan accounts, by utilizing a required form, and the failure to do so resulted in Ophrys waiving any right to recovery. *Id.* at 4 (D.I. 42 at 5, citing D.I. 40-2, Exh. A at 5–6) (Sections 3.4(a) and (b) of the Agreement, are collectively, "**Notice of Claim Requirements**").

The SAC asserted that its claim of lack of proper information provided by OneMain to Ophrys under the Agreement is similar to another claim against Citibank where the CFPB found that non-party Citibank had violated the Consumer Financial Protection Act ("**Act**"). Report at 6 (D.I. 40-1 at 8–10). Specifically, Ophrys alleged that Citibank violated the Act and that Citibank was subsequently subjected to a Consent Order issued by the CFPB. *Id.* The Magistrate Judge stated that "**OneMain admits it is subject to a Consent Order from the CFPB**, but notes that the Consent Order addressed Citibank's credit card program and included a 'stipulation that Citibank neither admitted nor denied any findings of fact or conclusions of law.'" Report at 6–7 (D.I. 42 at 6, citing 23-2 at 2) (emphasis supplied to highlight OneMain's sole Objection regarding the Magistrate Judge's findings of fact). While the Court rejected Ophrys's argument

4

that any such Consent Order somehow resulted in the survival of Ophrys's claims based on the allegedly defective disclosures, as more fully explained below, OneMain never admitted that it was subject to the Consent Order. Rather, OneMain consistently argued that it was not subject to the Consent Order and the pleadings before the Court demonstrated it was not.

Based on these facts, and others more fully articulated in the Report, the Magistrate Judge recommended that OneMain's Motion to Dismiss be granted and that the SAC against OneMain be dismissed. Report at 15.

### III. OBJECTIONS.

#### A. The Court Should Adopt All Of The Magistrate Judge's Conclusions Of Law And Modify Them To Dismiss The SAC Against OneMain With Prejudice.

The Court should dismiss the SAC with prejudice. Plaintiff has now had three bites at the apple and has failed each time to state a claim against OneMain upon which relief can be granted. Notably, Judge Sleet and Magistrate Judge Thynge determined that Ophrys's allegations and additions in the First Amended Complaint and those in the SAC fail to plead facts establishing that Ophrys complied with the mandatory Notice of Claim Requirements. Based on these failures, both Judges granted motions to dismiss the complaints.

##### 1. The Original Complaint Failed To Plead That Ophrys Complied With The Notice Of Claim Requirements.

Ophrys filed its original complaint against OneMain on March 13, 2017. D.I. 1. The complaint did not allege that Ophrys complied with the mandatory Notice of Claim Requirements. *Id.* As a result, OneMain responded by filing a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). D.I. 20. The motion specifically contended, among other things, that Plaintiff failed to properly plead that it satisfied the Notice of Claim Requirements. *Id.* at 6. Ophrys responded to OneMain's original motion to dismiss by filing its first amended complaint ("**FAC**"), on May 12, 2017.

### 2. The First Amended Complaint Again Failed To Plead Necessary Facts That Ophrys Complied With The Notice Of Claim Requirements, As Ruled By Judge Sleet.

In the FAC, Ophrys removed certain claims but still failed to plead any facts that Ophrys complied with the Notice of Claim Requirements. D.I. 23. Consequently, OneMain responded by again filing a motion to dismiss for failure to state a claim, in part on Ophrys's repeated failure to plead that it complied with the Notice of Claim Requirements. D.I. 25 at 4–5, 7–11. Ophrys's Opposition to OneMain's Motion to Dismiss the FAC did not even mention the Notice of Claim Requirements of Section 3.4 of the Agreement. D.I. 27. Of course, that failure was not surprising as no facts are available to support such an allegation.

On December 4, 2017, Judge Sleet granted OneMain's motion to dismiss the FAC, noting:

> While Plaintiff has alleged the basic elements of a breach of contract claim under New York law, it has failed to allege compliance with Section 3.4 of the Agreement in even general terms. Section 3.4 of the Agreement clearly provides that no claim may stand if the plaintiff fails to provide notice within 180 days of the Closing Date, at which time the Seller has the option to either cure the breach or repurchase the affected Accounts. Plaintiff, therefore, has consented to waiver of any rights it may have to any remedy.

D.I. 39 n.2 (citing D.I. 23, Exh. A at 3) (internal citations to New York law and to Section 3.4 of the Agreement omitted). Consequently, it is undisputed that the deficiencies in the FAC were known by Ophrys.

### 3. The SAC Again Failed To Plead Necessary Facts That Ophrys Complied With The Notice Of Claim Requirements, As Ruled By Magistrate Judge Thynge.

On January 16, 2018, Ophrys filed a SAC, D.I. 40, 41, and OneMain responded by filing its third Motion to Dismiss for failure to state a claim, D.I. 42. OneMain again argued, among other things, that Ophrys failed to plead any facts that it complied with the mandatory Notice of Claim Requirements. *See* D.I. 42 at 4–5, 9–13. Ophrys's Opposition simply ignored these arguments. D.I. 43.

Notwithstanding Judge Sleet's roadmap, the SAC provided no new facts to establish that Ophrys supposedly complied with the mandatory Notice of Claim Requirements. Indeed, Ophrys's Opposition to OneMain's Motion tepidly identified several email communications between Ophrys *and Citibank* that were already pleaded in the FAC. *Id.* at 4–5. Ophrys made no effort to plead additional facts as to how these purported emails resulted in compliance with Section 3.4 of the Agreement. The Magistrate Judge agreed with OneMain that these allegations failed to satisfy the mandatory obligations:

> Ophrys does not demonstrate that a Notice of Claim was properly sent to OneMain within the 180 days specified in the Agreement. The appropriate documents regarding the invalid loans sent to OneMain purportedly prepared in the proper manner were not attached to any complaint. Ophrys does not allege sufficient facts that OneMain did not comply with the Agreement. Although Ophrys provides more details in the second amended complaint regarding an email supposedly sent on December 12, 2014, it failed to provide the email or any factual basis beyond the first amended complaint.

Report at 14–15.

Based on the review of the allegations and legal conclusions, the Magistrate Judge recommended that OneMain's Motion to Dismiss the SAC for failure to state a claim against OneMain be granted and that the SAC be dismissed. Report at 15. The court, however, recommended dismissal without clarifying whether that dismissal was recommended with or without prejudice.

OneMain respectfully requests this Court modify the disposition in the Report to dismiss the SAC against OneMain with prejudice. Ophrys has now had three opportunities to state a claim against OneMain and has failed each time. Judge Sleet explicitly identified the deficiencies in the FAC, and the revised pleadings in the SAC failed to plead the necessary facts as to the Notice of Claim Requirements, resulting in the same conclusion from Magistrate Judge Thynge. The Magistrate Judge noted that "a plaintiff should be given at least one opportunity to

amend before the entire action becomes final and dismissed." Report at 9 (citation to Seventh Circuit case omitted). Here, however, Plaintiff has pleaded its case on three separate occasions and was given two opportunities to amend after filing its original, defective, complaint. Each time Ophrys filed its amendment it was aware of the particular deficiency at issue, yet still was unable to adequately plead the required elements. Amendment is thus futile and this Court should dismiss the SAC against OneMain with prejudice.

### B. The Court Should Adopt All Of The Magistrate's Findings Of Fact Except For The Alleged Admission By OneMain.

Nowhere does Plaintiff contend that OneMain was the subject of a Consent Order from the CFPB and nowhere does OneMain admit that it is subject to the Consent Order from the CFPB. Therefore, this Court should modify that singular finding from the Report. *See* Report at 6–7 ("OneMain admits it is subject to a Consent Order from the CFPB") (citing D.I. 42 at 6 and D.I. 23-2 at 2). In contrast to the Magistrate Judge's observation, OneMain stated explicitly and repeatedly that it is not subject to the Consent Order.

For example, OneMain's Motion to Dismiss the SAC at Docket Index 42 states:

> Plaintiff mentions a Consent Order (but does not attach it to the SAC) issued by the CFPB and directed to Citibank, **not to the Defendants**, dated February 23, 2016. *See* D.I. 23-2. The Consent Order addresses Citibank's **"credit card program," not Defendants' installment loans**, and was entered by the CFPB with the stipulation that **Citibank** neither admitted nor denied any of the findings of fact or conclusions of law. *See* D.I. 23-2 at 2, ¶¶ 2-3.

D.I. 42 at 6 (emphasis supplied).

As to the relevant portion of the internal citation to the Consent Order, the CFPB states as to Respondent Citibank:

> 2. **Respondent** has executed a "Stipulation and Consent to the Issuance of a Consent Order," (Stipulation), which is incorporated by reference and is accepted by the Bureau. By this Stipulation, **Respondent has consented** to the issuance of this Consent Order by the Bureau under Sections 1053 and 1055 of the CFPA, 12 U.S.C. §§ 5563 and 5565, without admitting or denying any of the findings of fact

> or conclusions of law, except that Respondent admits the facts necessary to establish the Bureau's jurisdiction over Respondent and the subject matter of this action.
>
> 2.  "Account" means an extension of credit to a Consumer primarily for personal, family or household purposes, and established or maintained for a Consumer pursuant **to a credit card program**.
>
> [. . .]
>
> "Respondent" means Citibank, N.A. and its successors and assigns.

D.I. 23-2 at 2, ¶¶ 2-3, and 4 (emphases supplied).  Elsewhere in OneMain's Motion to Dismiss the SAC, OneMain stated that "Plaintiff does not address, much less explain, how the content of Consent Order issued by the CFPB in an unrelated context proves or otherwise suggests that the at-issue Accounts 'were not originated, maintained and serviced in compliance with applicable state and federal laws.' "  D.I. 42 at 15.

Thus, OneMain never admitted that it was subject to the CFPB's Consent Order, which clearly applies only to non-party Citibank.  In fact, OneMain stated repeatedly that it is not subject to the Consent Order, and neither Plaintiff nor the Report points to any opposing facts. OneMain respectfully requests that the Court adopt all of the Magistrate Judge's findings of fact and modify them only to state that OneMain is not subject to the CFPB's Consent Order with Citibank.

## IV. CONCLUSION

OneMain concurs with substantially all of the Magistrate's findings and conclusions of law, and respectfully requests this Court to modify two aspects of the Report.  First, the Court should adopt all of the Magistrate's legal conclusions, including the recommendation to dismiss the SAC against OneMain, but modify it to dismiss the SAC with prejudice.  Ophrys has failed three times to plead facts demonstrating that it complied with the mandatory Notice of Claim Requirements.  As Judge Sleet and Magistrate Judge Thynge have concluded: Ophrys' failure to

plead facts establishing that it complied with the Notice of Claim Requirements has resulted in Ophrys's waiver of any rights it may have to any remedy. In addition, the Court should modify one observation as to the CFPB's Consent Order to correctly state that OneMain is not subject to the Consent Order.

| | |
|---|---|
| Dated: October 30, 2018 | STEVENS & LEE, P.C. |
| | By: _/s/ Stacey A. Scrivani_<br>Stacey A. Scrivani (Bar No. 6129)<br>919 N. Market Street, Suite 1300<br>Wilmington, DE 19801<br>Tel.: (302) 425-3306<br>Fax: (610) 988-0812<br>Email: sasc@stevenslee.com<br>Joseph Wolfson (admitted *pro hac vice*)<br>620 Freedom Business Center, Suite 200<br>King of Prussia, PA 19406<br>Tel.: (610) 205-6000<br>Fax: (610) 371-7756<br>Email: jwo@stevenslee.com<br>*Attorneys for Defendants OneMain Financial, Inc. et al.* |