# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| **OPHRYS, LLC**, a Washington limited liability company,<br><br>                                      **Plaintiff,**<br><br>    v.<br><br>**ONEMAIN FINANCIAL, INC.**, a Delaware corporation; **ONEMAIN FINANCIAL, INC.**, a West Virginia corporation; **ONEMAIN FINANCIAL SERVICES, INC.**, a Minnesota corporation; **ONEMAIN FINANCIAL, INC.**, a Hawaii corporation; and **CF NETWORK ISSUANCE TRUST 2010-1**, a Delaware corporation,<br><br>                                    **Defendants.** | **Civil Action No. 1:17-cv-00260-RGA** |

## OBJECTIONS TO
## REPORT AND RECOMMENDATION

       Ophrys objects to the Report and Recommendation ('Report") issued by Chief United States Magistrate Judge Mary Pat Thynge on October 16, 2018 (D.I. 50) because the Report ignores allegations in the Second Amended Complaint. Ophrys further objects because the Report is based on a finding that Ophrys failed to attach sufficient evidence to the Second Amended Complaint. A plaintiff has no obligation to present evidence in response to a motion to dismiss for failure to state a claim, much less any obligation to attach evidence to its complaint.

       Ophrys's objections are set forth in detail below.

### Background

       On May 12, 2017, Ophrys, LLC ("Ophrys") filed a First Amended Complaint for Breach of Contract (D.I. 23). Defendants filed a motion to dismiss on May 26, 2017. First,

defendants argued that Ophrys had failed to allege compliance with the notice provisions in Section 3.4 of the parties' Forward Flow Agreement.  Second, defendants argued that Ophrys had failed to allege that defendants had violated applicable laws (D.I. 24).  On December 4, 2017, the Court granted defendants' motion (D.I. 39).  Specifically, the Court found:

> While documentary evidence cited by the Plaintiff in opposition to Defendants' Motion raises questions about whether Plaintiff has complied with the notice and cure provision, the court cannot conclusively determine that he has, in fact, failed to comply at this stage of the proceedings.  **Regardless, because the Complaint fails to allege compliance with the provision in even general terms, Plaintiff has failed to state a claim for breach of contract.**  Accordingly, Plaintiff's First Amended Complaint is dismissed without prejudice.[1]

(emphasis added) (Citations omitted).

Ophrys filed a Second Amended Complaint on February 2, 2018.  (D.I. 40).  The revisions contained in the Second Amended Complaint do far more than "allege compliance with the provision in . . . general terms."  The revisions include multiple paragraphs setting forth the specific documents in which notice was provided and the dates and substance of those documents.  Defendants moved to dismiss.  (D.I. 41).  Chief United States Magistrate Judge Mary Pat Thynge entered a Report and Recommendation to grant defendants' motion on October 16, 2018.  (D.I. 50).

### 1. Ophrys Objects to the Report for Failing To Address New Allegations Related to Compliance With Section 3.4 in the Second Amended Complaint.

Ophrys amended its complaint to include specific allegations of compliance with Section 3.4 of the Forward Flow Agreement.  Among the new allegations that were added to the Second Amended Complaint are the following passages highlighted in bold:

---

[1] Order Granting Motion to Dismiss, D.I. 39 at page 2, fn 2.

2

47. On December 12, 2014, Eric Hyndman, a member of Ophrys's data operations team, advised Citibank that accounts purchased from Citibank and the OneMain Parties lacked required information and contained apparently erroneous information. Mr. Hyndman requested that Citibank provide correct information related to the Chapter 13 Accounts. **In the December 12, 2014 email, Mr. Hyndman provided a list of approximately 1,700 accounts with missing or inaccurate information.**

**54. Section 3.4 of the Forward Flow Agreement provides that Ophrys's remedy in the event of a breach by Citibank is to file a Notice of Claim. On May 1, 2015, Aaron Johnson, Ophrys's Chief Operating Officer, emailed Citibank a Notice of Claim. Mr. Johnson advised Citibank that a list of defective accounts was forthcoming and that follow-up lists would be sent as needed. A copy of this email and the attached letter is Exhibit D to this Second Amended Complaint.**

**55. Section 3.4 of the Forward Flow Agreement provides that Ophrys will identify with specificity each account that is the subject of a Notice of Claim. On May 14, 2015, Mr. Johnson sent Citibank a spreadsheet containing the first batch of accounts that were the subject of the Notice of Claim. This spreadsheet included accounts that had been the subject of the November 24, 2014 and December 23, 2014 sales. For each account, Ophrys provided the information required by Section 3.4(b) of the Forward Flow Agreement.**

**56. Section 3.4 of the Forward Flow Agreement states that if Citibank determines that Ophrys has not provided all required information for the accounts that are the subject of the Notice of Claim, the bank "shall notify the Buyer of such defect." Citibank did not claim that Ophrys's Notice of Claim or the lists of account information contained any such defects.**

**57. On May 27, 2015, Mr. Johnson spoke with representatives of Citibank about Citibank's failure to provide crucial information to Ophrys to enable it to file claims, and the damages Ophrys had suffered as a result of its inability to file claims on account of the Accounts. Mr. Johnson sent the Citibank representatives an email on May 28, 2015 providing additional detail regarding the deficient Accounts.**

**60. In December 2015, Ophrys sent Citibank an additional list of accounts pursuant to the May 2015 Notice of Claim.**

3

The Report acknowledges only the first of these new and detailed allegations. It states: "Although Ophrys provides more details in the second amended complaint regarding an email supposedly sent on December 12, 2014, it failed to provide the email or any factual basis beyond the first amended complaint."[2]

The Report makes no reference of any kind to the six new paragraphs, which allege details about: (a) the May 1, 2015 email, (b) the May 14, 2015 email, (c) the May 27, 2015 conversation, (d) the May 28, 2015 email, or (e) the December 2015 list of defective accounts. These are new details that specifically alleged compliance with Section 3.4 of the Forward Flow Agreement and meet the standard set by the district court in its dismissal order. The Report fails to acknowledge the substance of these paragraphs. Dismissal on the basis set forth in the Report would be error.

### 2. Ophrys Objects to the Report for (a) Failing to Consider Documents That Had Been Attached to the Second Amended Complaint, and (b) Applying an Inappropriate Pleading Standard to the Second Amended Complaint.

The Report faults Ophrys for failing to attach documents demonstrating that Ophrys complied with Section 3.4 of the Forward Flow Agreement.[3]

First, this is not accurate. One of the letters that provided notice to defendants pursuant to Section 3.4 of the Forward Flow Agreement was attached to the Second Amended Complaint and is referenced in paragraph 54 of the Second Amended Complaint, which is quoted above.

---

[2] Report and Recommendation, page 15, D.I. 50.
[3] Id.

Second, failure to attach a document to a complaint is not a basis for granting a motion to dismiss. The Federal Rules do not require Ophrys to attach documents to its complaint in order to state a claim. Moore's Federal Practice states, "A plaintiff will not be faulted for failure to attach a writing to the pleading, as Rule 10(c) is viewed as permissive, not mandatory." 2 Moore's Federal Practice - Civil § 10.05 (2018). Cases in this circuit and around the country that have considered the issue have come to the same conclusion.

In Rivera v. Dealer Funding, LLC, 178 F. Supp. 3d 272 (E.D. Pa. 2016), the defendant argued that plaintiff's complaint should be dismissed for failure to attach the underlying contract. The court rejected this argument: "A plaintiff is not required to attach the subject contract to the complaint or plead its terms verbatim in order to state a claim," *Id.* at 275-76

In D.H.G. Props., LLC v. Ginn Cos., LLC, 2010 U.S. Dist. LEXIS 140208, at *20-23 n.7 (M.D. Fla. Sep. 28, 2010), the court noted, "In federal court, 'a plaintiff is not required to attach a document to a pleading, even when that document serves as the basis for the plaintiff's claim.'"(quoting Marsh U.S.A., Inc. v. Walpole, Inc., No. 804CV1968T24MSS, 2005 WL 2372006, at *2 (M.D. Fla. Sept. 27, 2005))

The court in Thousand Island Park Corp. v. Welser, 314 F. Supp. 3d 391, 398 (N.D.N.Y. 2018) was considering claims under the Lanham act, but made the broad observation that "Of course, [plaintiff] was not required to attach this (or any other) exhibit to its pleading. Plaintiff could have chosen instead to base this action on just the allegations recited in its complaint."

5

Ophrys's Second Amended Complaint met the required pleading standard. A dismissal order that refers to a higher pleading standard would be error.

### 3. Ophrys Objects to the Report for Failing to Consider Allegations Related to Compliance with Applicable Laws in the Second Amended Complaint.

In the Second Amended Complaint, Ophrys alleges that defendants did not maintain the accounts in compliance with Rule 3001 of the Federal Rules of Bankruptcy Procedure and with standards promulgated by the Office of the Comptroller of the Currency. Nevertheless, the Report states:

> Similarly, a breach of FED. R. BANKR. P. 3001 or the standards of the OCC cannot be determined based on the information alleged even though those claims would be exempt from the Notice of Claim requirement if found to be binding. Whether a breach occurred cannot be determined because Ophrys has not alleged or identified the information that OneMain was obligated to provide and failed to do so.[4]

This is not accurate. Paragraphs 36 and 37 of the Second Amended Complaint set forth the requirements of FED. R. BANKR. P. 3001 and the standards of the OCC:

> 36. Rule 3001 of the Federal Rules of Bankruptcy Procedure provides that a debt-buyer cannot realize on any debts in Chapter 13 without filing a proof of claim including (a) an itemized statement of interest, fees, expenses or charges demanded in addition to principal; (b) the name of the entity from whom the creditor purchased the account; (c) the name of the entity to whom the debt was owed at the time of an account holder's last transaction on the account; (d) the date of an account holder's last transaction; (e) the date of the last payment on the account; and (f) the date on which the account was charged to profit and loss.
>
> 37. The Office of the Comptroller of the Currency ("OCC"), which regulates Citibank and other national banks, advises sellers of debt that for each account sold, they should provide buyers of debt with (a) a copy of the signed contract or other documents that provide evidence of

---

[4] Report and Recommendation, page 15, D.I. 50.

6

the relevant consumer's liability for the debt; (b) copies of all or the last 12, whichever is fewer, account statements; (c) all account numbers used by the bank and any predecessors to identify the debt; (d) an itemized account of all amounts claimed to be sold, including loan principal, interest, and all fees; and (e) the date, source and amount of the debtor's last payment and the dates of default and amount owed.

Paragraph 38 of the Second Amended Complaint then explicitly states the required information that defendants failed to provide:

> 38. Citibank and the OneMain Parties transferred Chapter 13 Accounts to Ophrys without the information required by the Federal Rules of Bankruptcy Procedure and the OCC, including, but not limited to, information about account open dates, last payment dates, charge off dates, last activity date, fees, interest, or other charges.

The Report reasoning fails to acknowledge the substance of these paragraphs. Dismissal on the basis set forth in the Report would be error.

DATED this 30th day of October, 2018.

FOX ROTHSCHILD LLP

By  */s/ Neal J. Levitsky*
    Neal J. Levitsky, Esquire (No. 2092)
    Seth A. Niederman, Esquire (No. 4588)
    E. Chaney Hall, Esquire (No. 5491)
    919 North Market Street, Suite 300
    Wilmington, DE 19899-7444
    Tel: (302) 654-7444
    Fax: (302) 656-8920
    nlevitsky@foxrothschild.com
    sniederman@foxrothschild.com
    chall@foxrothschild.com

    Attorneys for Plaintiff

OF COUNSEL:
HALL & GEORGE PLLC
Spencer Hall, WSB No. 6162
Colin M. George, WSB No. 45131
1001 Fourth Avenue, Suite 3900
Seattle, WA 98154
Telephone: (206) 292-5900
Email: shall@hallgeorge.com
Email: cgeorge@hallgeorge.com